USDC SCAN INDEX SHEET










```
JPP    12/15/03    16:42
3:03-CV-02479    ABDULLAH V. ASHCROFT
*1*
*PCSO.*
```

ORIGINAL

1  MOHDAR ABDULLAH[1]
   A75-628-802
2  San Diego Detention Center (CCA)
   PO Box 439049
3  San Ysidro, CA 92143-9049



FILED
03 DEC 11 PM 3: 23
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY: _____ DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MOHDAR ABDULLAH, [A75-628-802], <br><br> Petitioner, <br><br> v. <br><br> JOHN ASHCROFT, ATTORNEY GENERAL, TOM RIDGE, SECRETARY OF THE DEPARTMENT OF HOMELAND SECURITY, BUREAU OF IMMIGRATION AND CUSTOMS ENFORCEMENT, RON SMITH, DIRECTOR OF SAN DIEGO FIELD OFFICE, HECTOR NAJERA, OFFICER-IN-CHARGE, <br><br> Respondents. | Civil Action No. **'03 CV 2479 WQH (AJB)** <br><br> **PETITION FOR WRIT OF HABEAS CORPUS** <br><br> [28 U.S.C. § 2241] |

## INTRODUCTION

Petitioner, Mohdar Abdullah, respectfully applies to the Court for a Writ of Habeas Corpus to remedy his unlawful detention by Respondents.

Petitioner is in the custody of the Secretary of the Department of Homeland Security, Bureau of Immigration and Customs Enforcement and Director of the San Diego Field Office (referred to collectively as Respondents). He is detained at Respondents' detention facility in San Diego, California, under the control of the Officer in Charge.

---

[1] Petitioner is filing this Petition for Writ of Habeas Corpus with the assistance of Jason I. Ser and Federal Defenders of San Diego, Inc., which drafted the instant petition. That same counsel also assisted Petitioner in preparing and submitting his requests to proceed *in forma pauperis* and for appointment of counsel.

## JURISDICTION AND VENUE

This Court has jurisdiction under 28 U.S.C. § 2241(c)(1) and (3); Art. I., § 9, Cl. 2 of the United States Constitution ("Suspension Clause"); and 28 U.S.C. § 1331, as Petitioner is being unlawfully detained pursuant to the INS's misunderstanding of the provisions of 8 U.S.C. § 1231(a)(6). See Zadvydas v. Davis, et. al., 533 U.S. 678, 686-690, 121 S.Ct. 2491, 2497-2498, 150 L.Ed.2d 163 (2001). Moreover, his detention violates the United States Constitution, and laws or treaties enacted or entered into by the United States. See Magana-Pizano v. INS, 152 F.3d 1213 (9th Cir. 1998), amended, 159 F.3d 1217 (9th Cir. 1998) (per curiam), cert. granted, (U.S. Dec. 21, 1998), (No. 98-836), remanded (U.S. Mar. 8, 1999) (No. 98-1011); Goncalves v. Reno, 144 F.2d 110 (1st Cir. 1998), cert. denied,(U.S. Mar. 8, 1999) (No. 98-835). Reno v. American-Arab Anti-Discrimination, _ U.S. _, 119 S.Ct. 936, 943 (1999), makes clear that Petitioner's habeas petition is not barred by 8 U.S.C. § 1252(g).

Venue is proper in this district because Petitioner's removal proceedings were held here, and Petitioner is detained here. See 28 U.S.C. § 2241 et. seq., and 28 U.S.C. § 1391(e).

## BACKGROUND

Petitioner was lawfully admitted into the United States. Petitioner has been ordered removed by Respondents as a result of a criminal conviction(s). Because he cannot be removed to his country of origin, he is being held by Respondents based on their misunderstanding of their statutory authority to detain non-removable aliens indefinitely under 8 U.S.C. § 1231(a)(6).

Ron Smith is the Director of the San Diego Field Office of the Bureau of Customs and Enforcement and administers the immigration laws on behalf of the Secretary of Homeland Security in the federal judicial district for the Southern District of California; as such, he has immediate control and custody of Petitioner. Hector Najera is the officer in charge of the detention facility holding Petitioner.

Respondents identify Petitioner as a citizen of Yemen. See Notice to Appear (Attached as Exhibit 5 to Declaration of Jason I. Ser). He legally entered the United States. He has been ordered removed to Italy and Yemen, and his removal order is final. Id. at Exhibits 6-7. His removal is not significantly likely as the governments of Italy and Yemen denied travel documents. Id. at Exhibits 8-10.

## STATUTORY AND REGULATORY FRAMEWORK

Section 1231(a)(2) of Title 8 of the United States Code, which was enacted as part of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA"), Pub.L. No. 104-208, 110 Stat. 3009 (Sept. 3, 1996), amended the Immigration and Nationality Act and mandated that certain aliens must be detained during a 90-day removal period, which begins when his order of removal becomes final.

Once the 90-day removal period runs, 8 U.S.C. §§ 1231(a)(3) and (a)(6) govern release/detention of an alien under a final order of removal.

Section 1231(a)(3) sets out the appropriate conditions for release of aliens who cannot be deported within the 90-day removal period:

> Supervision after 90-day period. If the alien does not leave or is not removed within the removal period, the alien, pending removal, shall be subject to supervision under regulations prescribed by the Attorney General. The regulations shall include provisions requiring the alien--
> (A) to appear before an immigration officer periodically for identification;
> (B) to submit, if necessary, to a medical and psychiatric examination at the expense of the United States Government;
> (C) to give information under oath about the alien's nationality, circumstances, habits, associations, and activities, and other information the Attorney General considers appropriate; and
> (D) to obey reasonable written restrictions on the alien's conduct or activities that the Attorney General prescribes for the alien.

8 U.S.C. § 1231(a)(3) (2001).

Section 1231(a)(6) allows Respondents to continue to detain certain individuals beyond the 90-day removal period:

> Inadmissible or criminal aliens. An alien ordered removed who is inadmissible under section 212 [8 USCS §1182], removable under section 237(a)(1)(C), 237(a)(2), or 237(a)(4) [8 USC §1227(a)(1)(C), (a)(2), or (a)(4)] or who has been determined by the Attorney General to be a risk to the community or unlikely to comply with the order of removal, may be detained beyond the removal period and, if released, shall be subject to the terms of supervision in paragraph (3).

8 U.S.C. § 1231(a)(6) (2001).

//
//
//
//
//

3

1 | The Supreme Court in Zadvydas v. Davis, recently held that 8 U.S.C. § 1231(a)(6), the post-removal-period statute, contains an implicit reasonable time limitation - one that is reasonably necessary to bring about an alien's removal from the United States - and "does not permit indefinite detention." 533 U.S. at 689. The Court enunciated a period of six months after which time, if the alien is not released, "the habeas court must ask whether the detention in question exceeds a period reasonably necessary to secure removal." Id. at 701; see also Ma v. Ashcroft, 257 F.3d 1095, 1102, n.5 (9th Cir. Jul. 27, 2001) ("in Zadvydas, the Supreme Court read the statute to permit a 'presumptively reasonable' detention period of six months after a final order of removal -- that is, three months after the statutory removal period has ended") (citation omitted).

Where Respondents cannot demonstrate that a "significant likelihood of removal [exists] in the reasonably foreseeable future," they must release the alien from custody. Zadvydas, 533 U.S. at 699-700. "In that case, of course, the alien's release may and should be conditioned on any of the various forms of supervised release that are appropriate in the circumstances." Id.

## RESPONDENTS' STATUTORY VIOLATIONS

Respondents' continued detention of Petitioner beyond the post-removal-period enunciated in Zadvydas, supra, violates §1231(a)(6) because, given that the governments of Italy and Yemen have expressed declined to issue travel documents for Petitioner's return, there is "no significant likelihood of removal." Zadvydas, 533 U.S. at 700. Therefore, Petitioner must be released under the conditions set out in §1231(a)(3). See Zadvydas, 533 U.S. 700-701.

//
//
//
//
//

**REQUESTED RELIEF**

Petitioner requests that this Court order Respondents to release him from custody under the conditions of supervision set out in 8 U.S.C. §1231(a)(3), consistent with the Supreme Court's holding in Zadvydas, supra, as well as the Ninth Circuit's recent holding in Ma, supra.

Respectfully Submitted,

Dated: 12/11/03

MOHDAR ABDULLAH
Petitioner

5

**ORIGINAL**

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE SECOND PAGE OF THIS FORM.)

| I.(a) PLAINTIFFS ABDULLAH, Mohdar<br>San Diego Detention Center (CCA)<br>P. O. Box 439049<br>San Ysidro, CA  92143 | DEFENDANTS BUREAU OF IMMIGRATION AND<br>CUSTOMS ENFORCEMENT<br>c/o CAROL C. LAM, UNITED STATES ATTORNEY<br>Attn: Robert Plaxico, Assistant US Attorney<br>880 Front Street, San Diego, CA 92101 |
|---|---|
| (b) COUNTY OF RESIDENCE OF FIRST LISTED   San Diego<br>PLAINTIFF<br>(EXCEPT IN U.S. PLAINTIFF CASES) | COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT   San Diego<br>(IN U.S. PLAINTIFF CASES ONLY)<br>NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED<br>**'03 CV 2479 WQH (AJB)** |
| (c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER) | ATTORNEYS (IF KNOWN)<br>CAROL C. LAM, UNITED STATES ATTORNEY<br>Attn: Robert Plaxico, Assistant US Attorney<br>808 Front Street<br>San Diego, CA  92101 |

### II. BASIS OF JURISDICTION (PLACE AN x IN ONE BOX ONLY)

- ☐ 1 U.S. Government Plaintiff
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☒ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

### III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN X IN ONE BOX
(For Diversity Cases Only)     FOR PLAINTIFF AND ONE BOX FOR DEFENDANT

| | PT | DEF | | PT | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐1 | ☐1 | Incorporated or Principal Place of Business in This State | ☐4 | ☐4 |
| Citizen of Another State | ☐2 | ☐2 | Incorporated and Principal Place of Business in Another State | ☐5 | ☐5 |
| Citizen or Subject of a Foreign Country | ☐3 | ☐3 | Foreign Nation | ☐6 | ☐6 |

### IV. CAUSE OF ACTION (CITE THE US CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY).

Petition for Writ of Habeas Corpus 28 USC s2241

### V. NATURE OF SUIT (PLACE AN X IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | PERSONAL INJURY | PERSONAL INJURY | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury-Medical Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | | ☐ 625 Drug Related Seizure of Property 21 USC 881 | PROPERTY RIGHTS | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 365 Personal Injury - Product Liability | | ☐ 820 Copyrights | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 630 Liquor Laws | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 RR & Truck | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | PERSONAL PROPERTY | ☐ 650 Airline Regs | SOCIAL SECURITY | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veterans Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities Exchange |
| ☐ 160 Stockholders Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 690 Other | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | LABOR | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 864 SSID Title XVI | ☐ 892 Economic Stabilization Act |
| REAL PROPERTY | CIVIL RIGHTS | PRISONER PETITIONS | ☐ 720 Labor/Mgmt. Relations | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | FEDERAL TAX SUITS | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | | ☐ 740 Railway Labor Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☒ 530 General | ☐ 790 Other Labor Litigation | ☐ 871 IRS - Third Party 26 USC 7609 | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Tort to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | ☐ 791 Empl. Ret. Inc. Security Act | | ☐ 950 Constitutionality of State |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☒ 540 Mandamus & Other | | | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prisoner Conditions | | | |

### VI. ORIGIN (PLACE AN X IN ONE BOX ONLY)

☒ 1 Original Proceeding  ☐ 2 Removal from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district (specify)  ☐ 6 Multidistrict Litigation  ☐ 7 Appeal to District Judge from Magistrate Judgment

| VII. REQUESTED IN COMPLAINT: | ☐ CHECK IF THIS IS A CLASS ACTION UNDER f.r.c.p. 23 | DEMAND $ | Check YES only if demanded in complaint:<br>JURY DEMAND: ☐ YES ☒ NO |
|---|---|---|---|

| VIII. RELATED CASE(S) IF ANY (See Instructions): | JUDGE | | Docket Number | |
|---|---|---|---|---|
| DATE: 12/11/03 | | SIGNATURE OF ATTORNEY OF RECORD  X M. M. Abdallah | | |

::ODMA\PCDOCS\WORDPERFECT\22816\1 January 24, 2000 (3:10pm)