















JPP   12/15/03   16:44

3:03-CV-02479   ABDULLAH V. ASHCROFT

*4*

*DECL.*

ORIGINAL

FILED

03 DEC 11 PM 3: 23

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY: _____ DEPUTY

1  MOHDAR ABDULLAH
   A75-628-802
2  San Diego Detention Center (CCA)
   PO Box 439049
3  San Ysidro, CA 92143-9049

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                  SOUTHERN DISTRICT OF CALIFORNIA

10  MOHDAR ABDULLAH,              | Civil Action No.
    [A75-628-802],
11                               |
                      Petitioner, |  '03 CV   2479 WQH  (AJB)
12                               |
          v.                     | DECLARATION OF JASON I. SER;
13                               | EXHIBITS
    JOHN ASHCROFT, ATTORNEY      |
14  GENERAL, TOM RIDGE, SECRETARY |
    OF THE DEPARTMENT OF         |
15  HOMELAND SECURITY, BUREAU OF |
    IMMIGRATION AND CUSTOMS      |
16  ENFORCEMENT, RON SMITH,      |
    DIRECTOR OF SAN DIEGO FIELD  |
17  OFFICE, HECTOR NAJERA, OFFICER- |
    IN-CHARGE,                   |
18                               |
                    Respondents. |

19  I, Jason I. Ser, declare:

20      1.      I am an attorney with Federal Defenders of San Diego, Inc., and am licensed to practice

21  law before the courts of the State of California, and the United States District Court for the Southern

22  District of California.

23      2.      Federal Defenders of San Diego, Inc., is ready and able to assist this Petitioner in his

24  petition for writ of habeas corpus.

25      3.      I monitor indefinite detainee litigation in other Ninth Circuit districts, and I am in

26  frequent contact with other federal defender offices involved with this litigation.  District courts appointed

27  the federal defender offices to represent indefinite detainees, as a matter of course, in the following

28  districts: the Western and Eastern Districts of Washington, the District of Oregon, the Eastern

4

1 and Central Districts of California, and the District of Nevada.

2      4.      In two instances, pursuant to an application and an emergency motion, the Ninth Circuit

3 ordered Federal Defenders of San Diego, Inc., appointed as counsel of record on appeal of petitions for

4 writs of habeas corpus denied by district courts for the Southern District of California. See Ly v. INS,

5 Case No. 00-55439 (9th Cir. Apr. 10, 2000)(Attached as Exhibit 1 hereto); Mando v. INS, Case No. 99-

6 56529 (9th Cir. Oct. 13, 1999)(Attached as Exhibit 2 hereto).

7      5.      In one instance, the Ninth Circuit ordered the district court for the Southern District of

8 California to appoint counsel for petitioner whose retained counsel withdrew from representation in the

9 district court subsequent to the conclusion of habeas proceedings. See Sladariu v. Fasano, Case No. 99-

10 56534 (9th Cir. Nov. 22, 1999)(Attached as Exhibit 3 hereto).

11      6.      Several District Court Judges for the Southern District of California appointed Federal

12 Defenders of San Diego, Inc., as attorneys for petitioners filing similar petitions challenging their

13 indefinite detention by Respondents. These Judges include the Honorable Irma E. Gonzalez, the

14 Honorable Napoleon A. Jones, Jr., the Honorable M. James Lorenz, the Honorable Jeffrey T. Miller and

15 the Honorable Barry T. Moskowitz. See e.g., Gebru v. INS, Case No. 01CV0625-JM (POR) (S.D. Cal.

16 Jul. 11, 2001) (appointed Federal Defenders of San Diego, Inc., as counsel for similarly situated petitioner

17 in INS custody); Sahagian v. INS, Case No. 01CV066-BTM (RBB) (S.D. Cal. May 18, 2001) (same).

18      7.      The Honorable Judge Gonzalez appointed Federal Defenders of San Diego, Inc., as

19 counsel for a similar petitioner ,who challenged his detention by Respondents, in "the interests of justice"

20 and as permitted under 18 U.S.C. § 3006(A)(a)(2)(b). Hanna v. INS, Case No. 01CV0382-IEG (JFS)

21 (S.D. Cal. Apr. 26, 2001) (Order Granting Petitioner's Request for Appointment of Counsel).

22      8.      The Honorable Judge Jones has appointed Federal Defenders of San Diego, Inc., as

23 counsel in identical habeas proceedings on bases that have included a petitioner's financial eligibility, a

24 petitioner's likelihood of success on the merits of the petition, the complexity of the legal issues involved

25 in light of the petitioner's lack of education or limited proficiency in English and the petitioner's need for

26 assistance to obtain discovery from Respondents. See Chaydy v. INS, Case No. 00CV1687-J (JAH) (S.D.

27 Cal. Sept. 1, 2000) (Order Granting Motion For Appointment of Counsel); Aphayavong v. INS, Case No.

28 00CV0804-J (LAB) (S.D. Cal. June 22, 2000) (Order Granting Motion For Appointment of Counsel); see

1 also Cao v. INS, Case No. 00CV1991-L (JAH) (S.D. Cal. Oct. 10, 2000) (appointing counsel given
2 petitioners' likelihood of success on the merits of the petition, complexity of the legal issues involved and
3 the need for assistance in discovery matters).

4     9.     Several District Court judges for the Southern District of California have ordered
5 hearings and oral argument on the merits of identical petitions for writs of habeas corpus also filed by
6 non-removable aliens challenging their indefinite detention by Respondents.

7     10.     Despite the Supreme Court's decision in Zadvydas v. Davis, 533 U.S. 678, 121 S.Ct.
8 2491, 2505, 150 L.Ed.2d 653 (Jun. 28, 2001), Respondents continue to detain non-removable aliens in the
9 Southern District of California despite expiration of the 180-day post-removal-period in some cases.
10 Respondents even promulgated federal rules and regulations regarding the continued detention of non-
11 removable aliens subject to final orders of removal. See Continued Detention of Aliens Subject to Final
12 Orders of Removal, 66 Fed. Reg. 56967 (Nov. 14, 2001) (to be codified at 8 C.F.R. pts. 3 and 241).
13 Federal Defenders of San Diego, Inc., currently assists, represents or is preparing to initiate habeas
14 proceedings on behalf of these aliens.

15     11.     For example, Respondents currently detain Cambodian national Sreng Tang despite
16 expiration of the 180 day post-removal-period. See Post Order Custody Review Worksheet for File
17 Review and/or Interview (Attached as Exhibit 4 hereto). Mr. Tang entered custody on July 19, 2002 with
18 a final order of removal dated April 12, 1999. Id. Thus, the removal period expired on or about January
19 15, 2003. Id. As of the filing of this declaration, Mr. Tang remains in Respondents' detention beyond the
20 180-day post-removal-period.

21     12.     Mr. Abdullah too, is one of several non-removable aliens currently in Respondents'
22 custody in the Southern District of California who Federal Defenders of San Diego, Inc., is assisting in
23 challenging the lawfulness of his detention subsequent to the expiration of the 180-day post-removal-
24 period enunciated by the Supreme Court in Zadvydas. See also Ma v. Ashcroft, 257 F.3d 1095, 1102, n.5
25 (9th Cir. Jul. 27, 2001) ("[I]n Zadvydas, the Supreme Court read the statute to permit a 'presumptively
26 reasonable' detention period of six months after a final order of removal -- that is, three months after the
27 statutory removal period has ended.").

28 //

13.     I have spoken and corresponded repeatedly with Mohdar Abdullah.

14.     Respondents identified him as a native of Italy and a citizen of Yemen.  See Notice to Appear (Attached hereto as Exhibit 5).

15.     Mr. Abdullah entered Respondents' custody on October 2, 2002.

16.     An immigration judge ordered Mr. Abdullah removed from the United States to Italy, and in the alternative to Yemen, on May 12, 2003.  See Copy of Order of the Immigration Judge (Attached hereto as Exhibit 6).

17.     Mr. Abdullah waived appeal of that order to the Board of Immigration Appeals ("BIA").  Id.

18.     Thus, Mr. Abdullah's waiver of appeal rendered the May 12, 2003 Order of the Immigration Judge administratively final for purposes of determining commencement of the 180-day removal period.  See 8 C.F.R. § 241.1(b); see also E-Mail from Kathleen M. Zapata, Assistant District Counsel, Legacy INS, to Colleagues, Legacy INS, Subject: Re[5]: Abdullah (May 12, 2003, 13:43 PST) (copy on file in A-File for Petitioner) ("I advised that [Petitioner] is now under a final order of removal . . .") (Attached hereto as Exhibit 7).

19.     Thereafter, it became incumbent upon Respondents to seek and obtain a travel document from either Italy or Yemen so that his removal from the United States could be effectuated. See  Ma v. Ashcroft, 257 F.3d at 1104 ("after an alien is found removable, the Attorney General is required to remove that alien within ninety days after the removal order becomes administratively final" (citing 8 U.S.C. §§ 1231(a)(1)(A)-(B)).

20.     In a letter dated June 5, 2003, the Embassy of Italy, on behalf of the Italian government, expressly denied issuance of a travel document on the basis that Mr. Abdullah was not a citizen of Italy. See Letter from Alberto Galluccio, First Counselor, Embassy of Italy, to Mario Ortiz, Deportation Officer, DHS (6/5/03) (Attached hereto as Exhibit 8).

21.     In an undated letter in response to Respondents' request for a travel document, the government of Yemen expressly denied issuance of a travel document in Mr. Abdullah's case.  See Letter from Abdullah Al-Socotry, Consul, Embassy of Yemen, to Mario Ortiz, Deportation Officer, DHS (Attached hereto as Exhibit 9).

22. That letter indicated that the issuance of a travel document had been denied because Respondents failed to provide a document that proved Mr. Abdullah's nationality and identity such as a Yemeni picture identification and original passport. Id.

23. In a letter dated December 2, 2003, the government of Yemen *again* expressly denied issuance of a travel document in Mr. Abdullah's case. See Letter from Abdullah Al-Socotry, Consul, Embassy of Yemen, to Bret Bradford, Detention and Deportation Officer, Removal Support and Coordination Branch, DHS (Attached hereto as Exhibit 10).

24. Yemeni officials, apparently, prepared this denial of a travel document in response to Respondents' renewed request for a travel document, which included submission of a Yemeni picture identification. Id.

25. Mr. Abdullah is detained by Respondents in the Southern District of California.

26. The 180-day post-removal-period enunciated by the Supreme Court in Zadvydas expired on or about November 8, 2003. See Zadvydas, 533 U.S. at 701.

27. Mr. Abdullah's primary language is Arabic, not English.

28. Proceedings in the district court in an unrelated criminal case required the use of an arabic interpreter to enable Mr. Abdullah to understand the nature and meaning of proceedings. See Minute Order (Attached hereto as Exhibit 11).

29. Furthermore, he has no legal education, training or background.

I declare under penalty of perjury that the foregoing is true and correct, executed on December 11, 2003, in San Diego, California.

Jason I. Ser

Exhibit 1

HIEP LY,

      Petitioner-Appellant,

v.

IMMIGRATION AND
NATURALIZATION SERVICE,

      Respondent-Appellee.

No. 00-55439

DC# CV-99-2220-TJW
Southern California

ORDER

Before: Peter L. Shaw, Appellate Commissioner

Appellant's motion for appointment of counsel is granted. *See* 18 U.S.C. § 3006A(a)(2)(B); *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983).

The court hereby appoints Jason I. Ser, Esq., Federal Defenders of San Diego, 225 Broadway, Suite 900, San Diego, California 92101, phone: 619-234-8467, as counsel of record for appellant.

The Clerk shall serve this order on appellant individually at: Hiep Ly, A25-518-333, INS Detention Facility, 1115 North Imperial Avenue, El Centro, CA 92243.

The previously established briefing schedule shall remain in effect.

_____
General Order 6.3(e)

Exhibit 2

# UNITED STATES COURT OF APPEALS

## FOR THE NINTH CIRCUIT

**FILED**

OCT 13 1999

CATHY A. CATTERSON, CLERK
U.S. COURT OF APPEALS

---

ROBERT DISHO MANDO,

　　　　Petitioner-Appellant,

　　v.

IMMIGRATION AND
NATURALIZATION SERVICE,

　　　　Respondent-Appellee.

---

No. 99-56529

DC# CV-99-1546-BTM
Southern California

ORDER

---

Before: Peter L. Shaw, Appellate Commissioner

　　Appellant's motion for appointment of counsel is granted. *See* 18 U.S.C.

§ 3006A(a)(2)(B); *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983). Todd W.

Burns, Esq., Federal Defenders of San Diego, Inc., is appointed as appellant's

counsel of record.

　　The briefing schedule established previously remains in effect.

*Peter L. Shaw*
General Order 6.3(e)

Exhibit 3

FOR THE NINTH CIRCUIT

NOV 22 1999

CATHY A. CATTERSON, CLERK
U.S. COURT OF APPEALS

DAMIAN HARDIE; BENJAMIN SLADARIU,

    Petitioners-Appellants,

    v.

ADELE J. FASANO, District Director,

    Respondent-Appellee.

No. 99-56534

DC# CV-99-629-IEG
Southern California

ORDER

Before: WALLACE and T.G. NELSON, Circuit Judges

Appellant Damian Hardie's motion to withdraw his appeal is granted. This appeal is dismissed only as to appellant Hardie.

Appellant Benjamin Sladariu's motion for in forma pauperis status is granted. The Clerk shall change the docket to reflect appellant's in forma pauperis status for this appeal.

The motion of Gina Darvas, Esq., to withdraw as retained counsel for appellant Benjamin Sladariu is granted.

Appellant Benjamin Sladariu's motion for appointment of counsel is granted. Counsel will be appointed by separate order.

The Clerk shall serve a copy of this order on Magistrate Judge Louisa S. Porter, U.S. District Court for the Southern District of California, 940 Front Street, Suite 1140, San Diego, California 92101-8925, who will locate appointed counsel. Magistrate Judge Porter may wish to consider that Jason I. Ser, Esq., of Federal Defenders of San Diego, Inc., has expressed willingness to accept this appointment. The district court shall provide the Clerk of this court with the name and address of appointed counsel within 14 days of locating counsel.

Appellant Benjamin Sladariu's opening brief and excerpts of record are due January 18, 2000; appellee's brief is due February 17, 2000; the optional reply brief is due within 14 days after service of appellee's brief.

Exhibit 4

# POST ORDER CUSTODY REVIEW WORKSHEET FOR FILE REVIEW AND/OR INTERVIEW
## 90-DAY FILE REVIEW

**Detainee Name**: TANG, Sreng Kim     **Date of Birth**: 03/10/1973

**"A" Number**: A23 804 918          **BOP Number:** Not Applicable

**Country of Birth**: Cambodia        **Citizenship**: Cambodia

**Date of Arrival**: 08/06/1979       **Place of Arrival:** San Francisco, California

**Manner of Arrival**: Refugee        **Last Date into INS Custody**: July 19, 2002

**Entered INS Custody from:**     ☒     **Local, _State_, or Federal Institution**

**Location: Centinela State Prison**       **Institution Number: K 81712**

Immigration History:
Mr. Tang was admitted into the United States on August 06, 1979, at the port of San Francisco, California as a refugee. On January 16, 1981, Mr. Tang's status was adjusted to that of a lawful permanent resident at San Diego, California. On October 16, 1996, Mr. Tang was convicted in the Superior court of the State of California, County of San Diego of the offense of **Burglary in the Second Degree**. For this offense, Mr. Tang was sentenced to 2 years in state prison. On October 08, 1998, Mr. Tang was served with a Notice to Appear by the Immigration Service charging Mr. with Section 237(a)(2)(A)(iii) of the Immigration and Nationality Act as an alien who has been convicted of an aggravated felony. On January 28, 1999, the Immigration Judge ordered Mr. Tang removed to his native Cambodia. Mr. Tang elected to appeal the decision of the Immigration Judge to the Board of Immigration Appeals. On April 12, 1999, the Board of Immigration Appeals dismissed the appeal.

**Deportation Officer**: Robert C. Barranco       **Date of Review:** October 19, 2002
**Location Detained:** El Centro Service Processing Center
                      1115 N. Imperial Ave.
                      El Centro, California 92243

---

Deportation/Exclusion/Removal Proceedings

**List all Charges:**     ☒     Section 237 (a)(2)(A)(iii)

☒     Under **Final Order** dated April 12, 1999: IJ ☐  BIA ☒ Other: ☐  9th. Circuit court
☒     Appeal Waived/Appeal Time Elapsed/**Appeal Dismissed**

**Travel Document Status/History:**
Travel documents were requested from the Royal Embassy of Cambodia on July 23, 2002. On this same date a request for assistance in the acquisition of the travel documents was sent to the Regional Commissioner for the Western Region.

## Legal Representative / Attorney

**G-28 Filed:**   ☒ Yes        ☐ No

**Notification of Interview Made:**        ☒ Yes        ☐ N/A        by:                on:

**Name of Representative / Attorney:**        Jason Ser

          **Mailing Address:**        225 Broadway Suite 900
                                San Diego, California 92101
          **Tel:**        (619) 234-8467

**Present during interview:**        ☐ Yes        ☒ No

## Criminal History

**Outside the United States:**   There is no criminal history outside of the United States.

**In the United States:** Mr. Tang's criminal convictions are listed in chronological order.

**NCIC Checks:**        ☒ Criminal history Attached        ☐ No record Found
                            (State and Federal)

February 24, 1993, convicted of **Drive with Suspended Drivers License. <u>Misdemeanor.</u>** Sentenced to probation.

March 01, 1993, convicted of **Drive with Suspended Drivers License. <u>Misdemeanor.</u>** Sentenced to probation.

November 14, 1996, convicted of Count 1, **Acquire Access Card with Intent to Sell, <u>Misdemeanor,</u>** Count 2, **Impersonate to Make Others Liable, <u>Misdemeanor</u>**, and Count 3, **Burglary, <u>Felony</u>**. Sentenced to 5 years probation and 180 days in jail. (Case number SCD 123475)

January 17, 1997, convicted of **Possess Controlled Substance. <u>Misdemeanor.</u>** Sentenced to 3 years probation and fine.

December 29, 1997, convicted of **Burglary. <u>Felony.</u>** Sentenced to 16 months prison. (Case number SF116036). Sentence concurrent with case number SCD 123475.

December 29, 1997, convicted of **Receive Known Stolen Property. Felony.** Sentenced to 16 months prison. (Case number SCD 132564). Sentence concurrent with case number 123475.

March 02, 2001, convicted of Count 1, **Burglary, <u>Felony</u>** and Count 2 **Impersonate to Make Others Liable. <u>Misdemeanor.</u>** Sentenced to 3 years prison. (Case number SCD 157095).

## Institutional / Disciplinary Record

**Did the detainee have prior Disciplinary Reports?**          ☐ Yes          ☒ No

The probation officers report reflects that Mr. Tang's behavior while incarcerated  has been satisfactoy.

**Disciplinary Reports and Incidents while in INS Custody?**          ☐ Yes          ☒ No

There is no evidence in Mr. Tang's service file of any disciplinary action taken against him since entering Service custody.

# Specifics of Interview

**Date of File Review:**     October 19, 2002

**Date of Detainee Interview**: File review only.

**Location of Interview:**
**Interviewing Officer:#1:**     Robert C. Barranco
**Interpreter Used:**     ☐ Yes     ☐ No     Name:
**Language/Dialect:**

---

**Does the detainee have a place to live in the United States?**     ☒ Yes     ☐ No

Mr. Tang will reside at 3722 Marlborough Ave. Apt. 4, San Diego, California 92105. Tel: (619) 640-2752. C/O Laung Ly, mother.

**Is the detainee subject to any parole or probation requirements?**     ☒ Yes     ☐ No

Mr. Tang will be on parole until July 19, 2005 with the San Diego Parole Unit. Parole agent Arizaga. Tel: (619) 718-7800.

**Does the detainee have close family ties within the United States?**     ☒ Yes     ☐ No

Mr. Tang has his mother, Li Laing residing in San Diego, California. He also has a sister Kim Pung and a brother residing with their mother.

**Does the detainee have any community ties or non-governmental sponsors?**     ☐ Yes     ☒ No

**Does the detainee have any employment prospects?**     ☒ Yes     ☐ No

Mr.Tang will be employed by Westaff of San Diego at 5671 Mercury Street San Diego, California. He will be employed as a warehouse man. Tel: (858) 576-1001.

## What is the detainee's employment History?

The probation officers report reveals that Mr. Tang was employed as a driver with Sunshine Rental, as an assemblyman with Cable.com and as a laborer with Western Staff Service. He was also employed by Hout Lee Produce and also worked as a security guard for Wells Fargo.

## What is the detainee's educational level?

Mr. Tang attended San Diego High School until the 12th. grade. He dropped out of school before graduating. He obtained his GED while in criminal custody.

## Does the detainee have any vocational training?

There is no evidence in Mr. Tang's Service file of any type of vocational training.

## Medical/Psychological Concerns

**Medical/Psychological Report / Summary:** ☐ Attached ☒ None ☐ Not Available

There is no evidence in the Service file to support any psychological or medical problem.

**Other documentary evidence for consideration in this review:**

1. Travel Document Request
2. Conviction Document
3. Probation Officer's Report
4. Certificates of Achievement

## Discussion at Interview

The review conducted on today's date is a ninety-day file review pursuant to the permanent custody review procedures published in the Federal Register on December 21, 2000. Therefore, a personal interview was not conducted.

The INS detainee was found ☐ **CREDIBLE**      ☐ **NOT CREDIBLE**

**A file review only was conducted in Mr. Tang's case and a determination of credibility could not be established due to that a personal interview was not conducted.**

## Officer Comments/Analysis & Recommendation

Review of Mr. Tang's Service file, probation officers report and rap sheets reveal that this is Mr. Tang's second time in INS custody. Mr. Tang first entered INS custody on October 04, 1998, after having been released from Eagle Mountain State Prison. and placed in removal proceedings for a conviction he suffered for receiving stolen property, for which he received a 16 months prison sentence. On January 28, 1999, the Immigration Judge ordered Mr. Tang removed to his native Cambodia. Mr. Tang appealed this order and on April 22, 1999, the Board of Immigration Appeals dismissed his appeal. Mr. Tang was released from INS custody on August 24, 1999, pursuant to a Post Order Custody Review. That release was predicated in part to Mr. Tang's certificates of achievement in Food Service Operations, Substance Abuse Awareness Program and a program called Breaking Barriers that prepares an inmate to reenter society and remain crime free. Obviously Mr. Tang did not take advantage of these programs, as 16 months after his release from INS custody, Mr. Tang was arrested and later convicted of the instant offense of Burglary and Impersonate to make Others Liable. For these convictions, Mr. Tang was sentenced to 3 years incarceration.

Mr. Tang appears to have strong family ties. He has his mother Laung Ly residing in San Diego, California. She has stated in a letter, that she wishes for her son to come home. Mr. Tang also has a sister, Kim Pung. who has expressed a desire to assist her brother in any way possible to ensure a successful transition back into his community. Mr. Tang has two other siblings residing at the same address as Mr. Tang's mother. Mr. Tang has gainful employment immediately available. He will be employed by Westaff of San Diego in their warehouse with inventory. To date, no letter of from this organization has been received.

Mr. Tang's criminal history is lengthy but non-violent in nature. While incarcerated for the instant offense, Mr. Tang earned his GED high school diploma along with other programs, earning certificates in each. It appears the Mr. Tang has once again prepared himself for possible release from INS custody. Never the less, Mr. Tang has a significant prior record of criminal misconduct, which indicated a pattern of regular criminal behavior. The instant offense represents Mr. Tang's fourth felony conviction for similar circumstances. Commitment to state prison has done nothing to alter his conduct. Based on the foregoing information gleaned from Mr. Tang's Service file, probation officers report, and conviction documents, this officer believes that Mr. Tang is still a threat to his community and financial institutions and therefore recommends that Mr. Tang remain in custody at this time.

Interviewing Officer #1: _____      Date: 10-28-2002

Reviewed by: _____      Date: _____

Reviewed by: _____      Date: _____

# OFFICER IN CHARGE CUSTODY DETERMINATION

☐     RELEASE FROM CUSTODY / ORDER OF SUPERVISION

☐     RELEASE FROM CUSTODY / ORDER OF SUPERVISION UNDER BOND

        Bond Amount: _____

☑     CONTINUE IN CUSTODY / SCHEDULE FOR REVIEW IN SIX MONTHS

Comments (attach additional sheet(s) if necessary):

Signature of Officer in Charge: _____          Date: _____

---

# HEADQUARTER'S REVIEW OF CONTINUED DETENTION

| Reviewing Officers | Concur | Reconsider | Date |
|---|---|---|---|
| _____ (Name, Title, Signature) | _____ | _____ | _____ |
| _____ (Name, Title, Signature) | _____ | _____ | _____ |
| _____ (Name, Title, Signature) | _____ | _____ | _____ |

For comments, please refer to the "Headquarters Post Order Custody Review" form.

(Final 10/18/99)



**U.S. Department of Justice**
Immigration and Naturalization Service

1115 N. Imperial Ave.
*El Centro, CA 92243*

TANG, Sreng Kim                                    A23 804 918
Service Processing Center
1115 N. Imperial Ave.
El Centro, California 92243

# Decision to Continue Detention
# Following File Review

This letter is to inform you that the Immigration and Naturalization Service (INS) has reviewed your custody status and that you will not be released from custody at this time.

This decision was based on a review of your file record and consideration of information you submitted to INS' reviewing officials.

You are not being released because:

You are an alien who has been convicted of a serious felony and it appears that you may be a threat to your community. You have not demonstrated that there is no significant likelihood of your repatriation in the reasonably foreseeable future. Therefore it is not in the best interest of the Immigration Service to release you at this time.

The INS will conduct another review of your custody status within six months of the date of this notice. It is in your best interest to maintain proper behavior while awaiting this review. If you have any questions please contact: _____ Deportation Officer Robert C. Barranco _____ at:

(Officer Name)

2409 La Brucherie Road. Suite #2 Imperial, CA 92251 _____

(Address)

_____          OCT 3 1 2002

Signature of Officer in Charge or/Designated Representative          Date

(Page 1 of 2)

Decision to Continue Detention Following File Review
Page 2
TANG, Sreng Kim                                           A23 804 918

---

## PROOF OF SERVICE

(1)  **Personal Service (Officer to complete both (a) and (b) below.)**

    (a)  I _Richard H. Ortega_ , Deportation Officer
                Name of INS Officer      Title

Certify that I served TANG, Sreng Kim A23 804 918 with a copy of this document
                      Name of detainee

at ECC/SPC El Centro, California   on _11/4/2002_ ,       at _1500 pm_
         Institution              Date        Time

    (b)  I certify that I served the custodian _____ ,
                                   Name of Official

_____ , at _____ , on
    Title                         Institution

_____ with a copy of this document.
    Date

### OR

(2)  **Service by certified mail, return receipt.  (Attach copy of receipt)**

      I _____ , _____ , certify ____
               Name of INS Officer          Title

that I served _____ and the custodian _____ ,
             Name of detainee              Name of Official

with a copy of this document by certified mail at _____ on _____ .
                             Institution        Date

( )  CC: Attorney of Record or Designated Representative
( )  CC: A-File

    _11/4/2002_
                          _1500 pm_   x

Exhibit 5

U.S. Department of Justice
Immigration and Naturalization Service

# Notice to Appear

In removal proceedings under section 240 of the Immigration and Nationality Act

DEPARTMENT OF JUSTICE
EXECUTIVE OFFICE FOR
IMMIGRATION REVIEW

File No: A75 628 802

In the Matter of: ABDULLAH, MOHDAR MOHAMED
AKA
Respondent: AL-MIHDAR ZAID, ~~Mihdar Mohamed~~

OCT 0 8 2002

currently residing at:

c/o US INS, 880 FRONT STREET, SAN DIEGO, CA 92101

IMMIGRATION COURT
SAN DIEGO, CA

(Number, street, city, state and ZIP code)

(Area code and phone number)

☐ 1. You are an arriving alien.
☐ 2. You are an alien present in the United States who has not been admitted or paroled.
☒ 3. You have been admitted to the United States, but are deportable for the reasons stated below.

The Service alleges that you:
4. You are not a citizen or national of the United States;
5. You are a native of ~~Yemen~~ and a citizen of Yemen;
6. You were admitted to the United States at San Diego, California on or about December 16, 1998, as a nonimmigrant visitor for pleasure with authorization to remain in the United States for a temporary period not to exceed June 14, 1999;
7. You remained in the United States beyond June 14, 1999, without authorization from the Immigration and Naturalization Service;
8. You were, on July 19, 2002, convicted in the United States District Court, Southern District of California, for the offense of False Statements to a Federal Officer, committed on or about February 23, 1999, in violation of Title 18 United States Code, Section 1001;
9. For that offense, a sentence of one year or longer may be imposed.
10. On October 4, 2002, you were served a notice of intent to terminate asylum status and hearing before an Immigration Judge.

On the basis of the foregoing, it is charged that you are subject to removal from the United States pursuant to the following provision(s) of law:

Section 237(a)(1)(B) of the of the Immigration and Nationality Act (Act), as amended, in that after admission as a nonimmigrant under Section 101(a)(15) of the Act you have remained in the United States for a time longer than permitted.

Section 237(a)(2)(A)(i) of the Immigration and Nationality Act (Act), as amended, in that you have been convicted of a crime involving moral turpitude committed within five years after admission for which a sentence of one year or longer may be imposed.

☐ This notice is being issued after an asylum officer has found that the respondent has demonstrated a credible fear of persecution or torture.

Section 235(b)(1) order was vacated pursuant to: ☐ 8 CFR 208.30(f)(2) ☐ 8 CFR 235.3(b)(5)(iv)

YOU ARE ORDERED to appear before an immigration judge of the United States Department of Justice at: To be calendared and notice provided by the Office of the Immigration Judge. Notice will be mailed to the address provided by the respondent.

(Complete Address of Immigration Court, Including Room Number, if any)

on _____ at _____ to show why you should not be removed from the United States based on the
   (Date)        (Time)
charge(s) set forth above.

Act  Assistant District Director, Investigations
(Signature and Title of Issuing Officer)

Date: _____ October 4, 2002 _____

San Diego, California
(City and State)

See reverse for important information

EXHIBIT No. 1

5/12/03
(Date)

Form I-862 (Rev. 3/22/99) N

ON CASSETTE NO. _____

## Notice to Respondent

**Warning:** Any statement you make may be used against you in removal proceedings.

**Alien Registration:** This copy of the Notice to Appear served upon you is evidence of your alien registration while you are under removal proceedings. You are required to carry it with you at all times.

**Representation:** If you so choose, you may be represented in this proceeding, at no expense to the Government, by an attorney or other individual authorized and qualified to represent persons before the Executive Office for Immigration Review, pursuant to 8 CFR 3.16. Unless you so request, no hearing will be scheduled earlier than ten days from the date of this notice, to allow you sufficient time to secure counsel. A list of qualified attorneys and organizations who may be available to represent you at no cost will be provided with this Notice.

**Conduct of the hearing:** At the time of your hearing, you should bring with you any affidavits or other documents which you desire to have considered in connection with your case. If any document is in a foreign language, you must bring the original and a certified English translation of the document. If you wish to have the testimony of any witnesses considered, you should arrange to have such witnesses present at the hearing.

At your hearing you will be given the opportunity to admit or deny any or all of the allegations in the Notice to Appear and that you are inadmissible or deportable on the charges contained in the Notice to Appear. You will have an opportunity to present evidence on your own behalf, to examine any evidence presented by the Government, to object, on proper legal grounds, to the receipt of evidence and to cross examine any witnesses presented by the Government. At the conclusion of your hearing, you have a right to appeal an adverse decision by the immigration judge.

You will be advised by the immigration judge before whom you appear, of any relief from removal for which you may appear eligible including the privilege of departing voluntarily. You will be given a reasonable opportunity to make any such application to the immigration judge.

**Failure to appear:** You are required to provide the INS, in writing, with your full mailing address and telephone number. You must notify the Immigration Court immediately by using Form EOIR-33 whenever you change your address or telephone number during the course of this proceeding. You will be provided with a copy of this form. Notices of hearing will be mailed to this address. If you do not submit Form EOIR-33 and do not otherwise provide an address at which you may be reached during proceedings, then the Government shall not be required to provide you with written notice of your hearing. If you fail to attend the hearing at the time and place designated on this notice, or any date and time later directed by the Immigration Court, a removal order may be made by the immigration judge in your absence, and you may be arrested and detained by the INS.

---

### Request for Prompt Hearing

To expedite a determination in my case, I request an immediate hearing. I waive my right to have a 10-day period prior to appearing before an immigration judge.

X _M. M. Abdullah_
(Signature of Respondent)

Before _Steven W Schutz   SrSA_
(Signature and Title of INS Officer)

Date: _October 4, 2002_

---

### Certificate of Service

This Notice to Appear was served on the respondent by me on _Oct 4, 2002_ , in the following manner and in compliance with section 239(a)(1)(F) of the Act:

☒ in person  ☐ by certified mail, return receipt requested  ☐ by regular mail

☒ Attached is a credible fear worksheet.

☒ Attached is a list of organizations and attorneys which provide free legal services.

☒ The alien was provided oral notice in the _English_ language of the time and place of his or her hearing and of the consequences of failure to appear as provided in section 240(b)(7) of the Act.

_M. M. Abdullah_
(Signature of Respondent if Personally Served)

_Steven W Schutz   SrSA_
(Signature and Title of Officer)

Form I-862 (Rev. 3/22/99) N

Exhibit 6

IMMIGRATION COURT
401 WEST A STREET, SUITE #800
SAN DIEGO, CA 92101-7904

In the Matter of

Case No.: A75-628-802

ZEID, AL-MOHDAR MOHAMMED AL-MOHDAR ABDUL
    Respondent                    IN REMOVAL PROCEEDINGS

ORDER OF THE IMMIGRATION JUDGE

This is a summary of the oral decision entered on May 12, 2003.
This memorandum is solely for the convenience of the parties. If the
proceedings should be appealed or reviewed, the oral decision will become
the official opinion in the case.
[X] The respondent was ordered removed from the United States to
    ITALY or in the alternative to YEMEN.
[ ] Respondent's application for voluntary departure was denied and
    respondent was ordered removed to ITALY or in the
    alternative to
[ ] Respondent's application for voluntary departure was granted until
        upon posting a bond in the amount of $ ___ ___
    with an alternate order of removal to ITALY.
[ ] Respondent's application for asylum was ( )granted ( )denied
    ( )withdrawn.
[ ] Respondent's application for withholding of removal was ( )granted
    ( )denied ( )withdrawn.
[ ] Respondent's application for cancellation of removal under section
    240A(a) was ( )granted ( )denied ( )withdrawn.
[ ] Respondent's application for cancellation of removal was ( ) granted
    under section 240A(b)(1)    ( ) granted under section 240A(b)(2)
    ( ) denied ( ) withdrawn. If granted, it was ordered that the
    respondent be issued all appropriate documents necessary to give
    effect to this order.
[ ] Respondent's application for a waiver under section _____ of the INA was
    ( )granted ( )denied ( )withdrawn or ( )other.
[ ] Respondent's application for adjustment of status under section _____
    of the INA was ( )granted ( )denied ( )withdrawn. If granted, it
    was ordered that respondent be issued all appropriate documents necessary
    to give effect to this order.
[ ] Respondent's status was rescinded under section 246.
[ ] Respondent is admitted to the United States as a _____ until _____.
[ ] As a condition of admission, respondent is to post a $ _____ bond.
[ ] Respondent knowingly filed a frivolous asylum application after proper
    notice.
[ ] Respondent was advised of the limitation on discretionary relief for
    failure to appear as ordered in the Immigration Judge's oral decision.
[ ] Proceedings were terminated.
[ ] Other: _____
    Date: May 12, 2003
    Appeal: Waived/Reserved   Appeal Due By: Jun 11, 2003

JOSEPH M. BAGUSA
Immigration Judge

LVL

FINAL
ORDER

Exhibit 7

**Date:** 5/16/2003 11:55 AM
**Sender:** Joseph T Greene
**To:** Mario G Ortiz
**Priority:** Normal
**Subject:** Fwd[3]:Re[7]:Abdullah A75 628 802

```
                      Forward Header
Subject:      Fwd[2]:Re[7]:Abdullah A75 628 802
Author:       Kathleen M Zapata
Date:         5/16/2003 11:40 AM
```

Hi Joe,

Ken advises that I am behind the times, as he is no longer in the Removal
unit processing TDs, so he is routing this high profile case to you for
action as supervisor.

I am forwarding to you several e-mails that I'd sent to Ken for his review,
so you can familiarize yourself with the case without having to read every
piece of paper in this voluminous file.

As always, please give me a call with any questions at all that may arise,
and please also keep me in the loop as to what progress we are making.

Thanks,

Kathy

```
                      Forward Header
Subject:      Fwd:Re[7]:Abdullah A75 628 802
Author:       Kathleen M Zapata
Date:         5/13/2003 1:08 PM
```

Ken, I'm forwarding this to you so you will be up-to-date on all that is
happening on this file.

Our JTTF SA Steve Schultz needs a copy from the A-file (I routed the A-file
to you yesterday) of the Italian birth certificate Respondent produced
yesterday, for forwarding on to AUSA Shane Harrigan.  Steve advises me that
the USAO is hosting a group of officials from the Italian government next
week and the issue of Abdullah's status may be discussed.  You probably
should touch base with Steve to coordinate any information Steve may need
from you or from the file.  I'm cc'ing Steve with this message so the two
of you can connect.

Thanks,

Kathy

```
                      Forward Header
Subject:      Re[7]:Abdullah A75 628 802
Author:       Kathleen M Zapata
Date:         5/12/2003 1:43 PM
```

**ATTORNEY WORK PRODUC(**
**PRIVILEGE**
**DO NOT RELEASE**

Colleagues:

By way of update on this designated high-profile case, this morning Respondent and counsel
appeared with a certified copy of an Italian birth certificate, albeit not authenticated under the regs.
Respondent sought post-conclusion voluntary departure to Italy, asserting that his conviction for 18

USC 1001 is not a CIMT, and in the alternative, pre-conclusion voluntary departure by way of stipulation. Respondent argued that the Gov't's RIC report supports his claim to WH and CAT and so the Gov't should agree to VD to dispose of the case quickly. Respondent also sought to reserve the right to reopen proceedings to pursue his claim to WH and CAT in the event he cannot be removed to Italy.

I opposed voluntary departure relying on my brief on the CIMT issue, and indicated Gov't would not stip to pre-conclusion voluntary departure for the same reason. However, if Respondent wished to accept a removal order to Italy, I would agree to stip to reopening by either side in the event Respondent's removal to Italy cannot be effectuated within a reasonable time.

The IJ found Respondent ineligible for voluntary departure due to the CIMT, adopted the stipulation as I have described it, and ordered removal to Italy after having Respondent admit all allegations and concede both charges. Both sides waived appeal.

Off the record, Respondent inquired about revisiting the bond issue. I advised that he is now under a final order of removal, and with the BIA having dismissed his bond appeal 4/29/03, the Gov't would not be revisiting the custody issue under any circumstances. I warned Mr. Hamud that I construed a "reasonable time" to effectuate Respondent's removal as long before the 90 days that would allow him to get into District Court on a habeas, and that I hoped this was not his motivation in agreeing to the removal order.

Our removal unit, via Officer Kenneth C. Smith, will follow up on the case from here. I have sent him a list of suggested questions that Respondent will need to answer in order to assist with our efforts to effect his removal to Italy, and I will remain in touch with Ken to help if needed.

Nader advises me that the FBI letter is still in the works, and I will look forward to receiving the DOS letter as well once it is completed.

I doubt that Respondent can be removed to Italy, but it remains remotely possible that he is an Italian citizen under their laws as I have outlined previously. If not, the case will be back before IJ Ragusa and we will proceed with his claims to WH and CAT as to Yemen.

Kathy

```
_____Reply Separator_____
Subject:    Re[6]:Abdullah
Author:     Nader Baroukh
Date:       5/8/2003 11:47 PM
```

This is the District's call. However, if there is a risk that the court will not consider the DOS letter/report after 5/12/03, I suggest that we seek a continue. This will preserve the issue for appeal.

-Nader

```
_____Reply Separator_____
Subject:    Re[5]:Abdullah
Author:     Martin D Soblick
Date:       05/08/2003 4:16 PM
```

ATTORNEY WORK PRODUC
PRIVILEGE
DO NOT RELEASE

Not to throw a fly into the ointment, but should the letter be accepted into evidence after 5/12, would the respondent ask for more testimony (lay testimony or expert testimony or both) to rebut the letter? The only point I am trying to make is that getting the letter in after 5/12 rather than seeking a continuance does not necessary end the issue. I am not arguing either for or against a continuance. Kathy is immersed in the facts of the case and I will trust her sound judgment. I just wanted to be sure that all pros and cons were considered.



Exhibit 8



*Embassy of Italy*
*3000 Whitehaven Street, N.W.*
*Washington D.C. 20008*

ANTICIPATO VIA FAX

June 5, 2003  Prot. 3001

RE:  ZEID, AL-MOHDAR MOHAMMED AL-NOHDAR ABDULLAH:
A75 628 802;

Dear Mr. Ortiz:

I make reference to your letter of May 29, 2003. I wish to confirm that Mr. Zeid is not an Italian citizen, as already stated by the Consulate General of Italy in Los Angeles with letters n. 4994 of May 30, 2003, and n. 5048 of June 3, 2003. Although Mr. Zeid's Birth Certificate is authentic, and although he was born in Italy, at the time of his birth his parents were not Italian citizens, and he never received Italian citizenship.

Regards

Sincerely,

Alberto Galluccio
First Counselor

Mr. Mario G. Ortiz
Deportation Officer - Removal Unit
US Department of Homeland Security
Immigration and Customs Enforcement
880 Front Street, Suite 1234
San Diego CA 92101-8834

Cc :  Consolato Generale d'Italia
       Los Angeles

Exhibit 9



بسم الله الرحمن الرحيم

### EMBASSY OF
### THE REPUBLIC OF YEMEN
SUITE 705
2600 VIRGINIA AVENUE, N.W.
WASHINGTON, D.C. 20037
TEL: (202) 965-4760
FAX: (202) 337-2017

سفارة الجمهورية اليمنية
واشنطن

Mr. Mario G. Ortiz
Immigration and Customs enforcement
District Office

Dear Mr. Ortiz,

We regret to inform you that your request concerning issuing a travel document to Mr. Al Mohdar Mohamed AKA : Al Mohdar Zied has been denied, the reason for it is that the above mentioned has failed to provide us with a requested document that proves his nationality and identity such as his Yemen PID and original passport.

Should you have any further questions in this regard, please contact me at 202-965-4760.

Sincerely,



Abdullah Al-Socotry

Consul

Exhibit 10



**EMBASSY OF**
**THE REPUBLIC OF YEMEN**
SUITE 705
2600 VIRGINIA AVENUE, N.W.
WASHINGTON, D.C. 20037
TEL: (202) 965-4760
FAX: (202) 337-2017

<div dir="rtl">

سفارة الجمهورية اليمنية
واشنطن

</div>

Bret Bradford
Detention and Deportation Officer
Removal Support and Coordination Branch

December 2nd, 2003

RE: Zeid, Al-Mohdar Mohamed  Al-Mohdar Abdullah   (A75-628-802)

Dear Mr. Bret,

    After further investigation into the case of Mr. Zeid Al-Mohdar, it is with regret to inform you that his alleged Yemeni I.D. (which was brought to the attention of the embassy), does not exist in official record.   Furthermore, the DOB certificate that was provided to the embassy indicates that he was born in Italy, not in Yemen.

    The embassy therefore, can not issue him a "Transit Permit" as requested by your office.

Sincerely,

Embassy of the Republic of Yemen

December 2nd, 2003
Washington, D.C.

Exhibit 11

Minutes of the United States District Court
Southern District of California
July 2, 2002

HON. THOMAS J. WHELAN          DEPUTY CLERK: C. TREMBLE          REPORTER: LINDA NELSON

01CR3240-W     USA VS   MAHDAR MOHAMED ABDOULAH (1) (C)                    80604-198
                        ARABIC INTERPRETER - NADIA TERZIBACHIAN
(01) ARRAIGNMENT        ABDULLAHI JAMA AMIR(2)(C)*
ON SUPERSEDING          AHMED SHARIF ALIWE (4)(C)*
(2)(4)MOTION SETTING    * SOMALIAN INTERPRETER - MOHAMUD MAGTAYN

                        KERRY L. STEIGERWALT, RETD.
S/S IND 4 CTS           SCOTT RUSSELL BARNETT APPTD. (02)
18 USC 371              STEPHEN LEMISH, RETD. (04)
18 USC 1546
18 USC 1001             MICHAEL WHEAT, AUSA
18 USC 2

(01)MTD:1/14/02 + 188 = 7/21/02
     EXCL:12/26/01
(02)&(04)MTD:9/26/02

JURY TRIAL 7/9/02
++++++++++++++++++++++++++++++++++++++++++++++++++++++++++++++++++++++++++
ARRAIGNMENT ON DEFENDANT (01)/MOTION SETTING ON DEFENDANTS

DEFENDANT (01) ARRAIGNED ON SUPERSEDING INDICTMENT AND ENTERS A GUILTY PLEA
TO COUNTS S1,S2,S3 & S4.
TRIAL DATE OF 7/9/02 AFFIRMED.

(02)&(04)
THE COURT ORDERS THE CASE SET FOR MOTION HRG/TRIAL SETTING ON 8/5/02 AT 2PM.

I hereby attest and certify on 10/3/02
That the foregoing document is a full, true and correct
copy of the original on file in my office and in my legal
custody.
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
By_____ Deputy

32am

119

HON. THOMAS J. WHELAN          DEPUTY CLERK: L. BARKINS          REPORTER: LINDA NELSON

01CR3240-W          USA VS          AL-MOHDAR MOHAMED AL-MOHDAR ZEID(1)(C)80604198
                                    AKA MAHDAR MOHAMED ABDOULAH
DISPOSITION HRG                     AKA MIHDAR MOHAMMAD AL-MIHDAR ZIED
                                    ARABIC INTERPRETER - NADIA TERZIBACHIAN

S/S IND 4 CTS                       KERRY L. STEIGERWALT, RETD.
18 USC 371
18 USC 1546                         MICHAEL WHEAT, AUSA
18 USC 1001
18 USC 2

MTD:1/14/02 + 205 = 8/07/02
EXCL:12/26/01

MTN CMPL DISC (7-1)

---

GOV'T EXHIBIT 1 MARKED AND RETURNED
CHANGE OF PLEA GUILTY TO COUNT 3 OF THE SUPERSEDING INDICTMENT
REFERRED TO PROBATION FOR PRESENTENCE REPORT
PO REPORT AND SENT HRG SET FOR 10-02-02 @ 9:00AM
ALL PENDING MOTIONS - WITHDRAWN

JURY TRIAL DATE OF 7-23-02 IS VACATED.

I hereby attest and certify on 10/3/02
That the foregoing document is a full, true and correct
copy of the original on file in my office and in my legal
custody.

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

By _____ Deputy

118